Filed 1/16/25  P. v. Espinoza CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>GUILLERMO ESPINOZA,<br><br>　　Defendant and Appellant. | G063254<br><br>(Super. Ct. No. 12ZF0139)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance by Plaintiff and Respondent.

\*　　　　\*　　　　\*

In September 2016, Guillermo Espinoza pleaded guilty to voluntary manslaughter and admitted to personally using a firearm in the commission of that offense. The court sentenced him to a term of 21 years in prison.

In June 2023, Espinoza petitioned the court for resentencing pursuant to Penal Code section 1172.6.[1] The court appointed counsel to represent Espinoza, but later denied the petition without an evidentiary hearing. Espinoza now appeals from the trial court's denial of his petition. Counsel was appointed to represent him on appeal. Appointed counsel informed us in his declaration he conducted an analysis of potential appellate issues, and that the case was also reviewed by a staff attorney at Appellate Defenders, Inc. Counsel filed a brief pursuant to the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), consistent with *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738. While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record.

Counsel advised Espinoza of his right to file a written argument on his own behalf; he has not done so. We nonetheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

## FACTS

Espinoza was charged with murder (§ 187, subd. (a)), conspiracy to commit murder (§ 182, subd. (a)(1)), and (as later interlineated) voluntary

---

[1] All further statutory references are to this code.

manslaughter (§ 192, subd. (a)), arising out of the killing of Elizabeth Begaren in January 1998. The indictment also alleged that Espinoza personally used a firearm in the commission of the offense. (§ 12022.5.)

On September 9, 2016, Espinoza pleaded guilty to voluntary manslaughter pursuant to section 192, subdivision (a), and he admitted he had personally used a firearm in the commission of that offense. As part of his plea agreement, Espinoza admitted that on "January 17, 1998 while under the influence of heat of passion," he "did willfully and with intent to kill did shoot Elizabeth Wheat Begaren at the behest of Nuzzio Begaren."

The prosecution dismissed the balance of the indictment, and the court sentenced Espinoza to a term of 21 years: 11 years for the manslaughter, plus 10 years for the personal use of a firearm.

In June 2023, Espinoza filed a petition for resentencing under section 1172.6 and requested appointment of counsel.

The prosecution filed a response to the petition, arguing it should be denied without an evidentiary hearing. The court conducted a hearing on October 6, 2023; counsel represented Espinoza who appeared via video. The court acknowledged receipt of both the petition and the prosecution's response; both sides submitted on the content of those filings. The court then took the matter under submission.

On October 24, 2023, the court entered a written order denying the petition, finding Espinoza had failed to make the prima facie showing required under section 1172.6 because he was the actual shooter and he had admitted he acted with intent to kill. The court cited this court's opinion in *People v Saavedra* (2023) 96 Cal.App.5th 444 (*Saavedra*) for the proposition that when the factual basis of the defendant's plea agreement admits to his having personally shot the victim with intent to kill, it foreclosed

3

resentencing relief under section 1172.6 as a matter of law. (*Saavedra,* at p. 448.)

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) was enacted to limit the scope of the traditional felony-murder rule. It also eliminated the natural and probable consequences theory for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Pursuant to Senate Bill 1437, murder liability can no longer be "'imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Lewis*, at page 959.)  Senate Bill 1437 also added section 1170.95 (later renumbered § 1172.6), which created a procedure through which a "person convicted of felony murder or murder under the natural and probable consequences doctrine" can petition for relief. (§ 1172.6, subd. (a).)

Espinoza filed such a petition. Pursuant to section 1172.6, he was then required to make a prima facie showing in the trial court that he is entitled to the relief he seeks. (*Lewis, supra*, 11 Cal.5th at p. 960.) The Supreme Court observed in *Lewis* that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

The trial court, as required by the statute and *Lewis*, reviewed the record of conviction. It then denied Espinoza's petition.

After review of the record, we find no error in that decision. As the trial court explained in its ruling, *Saavedra* controls here. In *Saavedra*, the petitioner entered into a plea agreement supported by his admission that

4

he had personally used a firearm to carry out the attempted killing he had been charged with committing.

As we explained in *Saavedra*, "The plea form conclusively establishes as a matter of law that Saavedra is ineligible for resentencing under section 1172.6. As the factual basis for the plea, Saavedra admitted he 'attempted to murder' the three victims 'by personally discharging a firearm at the vehicle' in which the victims were riding. This factual basis establishes Saavedra was the actual shooter; that is, he actually attempted to murder the victims by shooting at their vehicle." (*Saavedra, supra*, 96 Cal.App.5th at p. 448.)

In such a case, "[t]he factual basis for the plea cannot reasonably be construed as imposing liability under the felony-murder rule because Saavedra was the one who actually attempted to murder the victims by discharging a firearm. [Citation.] [And it] cannot reasonably be construed as potentially imposing liability under the natural and probable consequences doctrine because it is a theory of vicarious liability, and Saavedra did not act vicariously." (*Saavedra, supra*, 96 Cal.App.5th at p. 448.)

That analysis applies here. Espinoza admitted in his plea agreement that he personally used a firearm to kill Begaren. As in *Saavedra,* that admission is inconsistent with imposition of liability under either the felony-murder rule or the natural and probable consequences doctrine. Consequently, Espinoza is ineligible for resentencing under section 1172.6 as a matter of law.

## DISPOSITION

The postjudgment order is affirmed.

GOETHALS, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.